T.C. Summary Opinion 2001-129

UNITED STATES TAX COURT

FRED F. HUMBLE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4185-00S.                    Filed August 22, 2001.

Fred F. Humble, pro se.

<u>David C. Holtz</u>, for respondent.

PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.  Unless otherwise indicated,
subsequent section references are to the Internal Revenue Code in

effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $3,004 in petitioner's Federal income tax for the year 1996.

We must decide: (1) Whether respondent erroneously disallowed some items from petitioner's Schedule C, Profit or Loss From Business; and (2) whether petitioner is entitled to deductions in excess of those allowed by respondent.

Some of the facts have been stipulated and are so found. Petitioner resided in Van Nuys, California, at the time he filed his petition.

Petitioner is a computer instructor/systems analyst for three employers. The employers are California State University, Pacific Travel and Trade Schools, and Computer Learning Centers, Inc. Petitioner received Forms W-2 for 1996 from the three employers.

On his 1996 Federal income tax return, petitioner deducted $6,850 for medical expenses, prior to the floor of 7.5 percent of adjusted gross income under section 213(a), $2,175 as a capital loss, $1,500 for moving expenses, $9,512.50 for a Schedule C business loss, and the rounded amount of $6,250 as job and other expenses, before the 2-percent adjusted gross income limitation under section 67. Respondent disallowed for lack of substantiation $6,770 of the medical expenses, $2,175 of capital

loss, $1,500 of moving expense, and $22,032 of Schedule C items. Respondent allowed petitioner a deduction of $9,646 for employee business expenses instead of the $6,250 claimed.

We found on our own examination of the return and the notice of deficiency that respondent erred in disallowing the deduction of $22,032 of Schedule C items rather than disallowing the $9,512.50 business loss deducted by petitioner on his 1996 return. The $22,032 amount appears to be comprised of $7,220 of cost of goods sold, $12,212 (rounded off) of business expenses, and $2,700 of home office expense, less $100 of gross receipts. On the Schedule C, petitioner listed $100 of gross receipts. Petitioner also listed $7,220 of cost of goods sold, but because he failed to carry the resulting $7,120 ($7,220 less $100) forward as negative gross income, he did not deduct the $7,120 as a loss. The $2,700 of home office expense was not added to the tentative loss, and therefore was not deducted as a loss. Instead, petitioner incorrectly subtracted the $2,700 from the $12,212.50 of tentative loss shown on the return, rather than adding the expense to the tentative loss. This resulted in the $9,512.50 amount which petitioner deducted as a business loss on line 12 of the 1996 Form 1040, U.S. Individual Income Tax Return. Respondent should have disallowed this $9,512.50 amount, the entire claimed Schedule C loss, instead of the $22,032 amount which respondent erroneously disallowed. Thus, respondent erred

by disallowing $12,519.50 more than petitioner claimed as a loss on his return.  This will be corrected in the Rule 155 computation.

Deductions are strictly a matter of legislative grace. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Taxpayers must substantiate claimed deductions.  Hradesky v. Commissioner, 65 T.C. 87, 89 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).  Section 7491(a) does not change the burden of proof where petitioner has failed to substantiate his deductions.  Higbee v. Commissioner, 116 T.C. 438 (2001). Moreover, taxpayers must keep sufficient records to establish the amounts of the deductions.  Meneguzzo v. Commissioner, 43 T.C. 824, 831 (1965); sec. 1.6001-1(a), Income Tax Regs.  Generally, except as otherwise provided by section 274(d), when evidence shows that a taxpayer incurred a deductible expense, but the exact amount cannot be determined, the Court may approximate the amount bearing heavily if it chooses against the taxpayer whose inexactitude is of his own making.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  The Court, however, must have some basis upon which an estimate can be made.  Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

Section 274(d) imposes stringent substantiation requirements for the deduction of travel expenses and automobile expenses.

Taxpayers must substantiate by adequate records certain items in order to claim deductions, such as the amount and place of each separate expenditure, the property's business and total usage, the date of the expenditure or use, and the business purpose for an expenditure or use. Sec. 274(d); sec. 1.274-5T(b), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). To substantiate a deduction by means of adequate records, a taxpayer must maintain an account, book, diary, log, statement of expense, trip sheets, and/or other documentary evidence, which, in combination, are sufficient to establish each element of expenditure or use. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed Reg. 46017 (Nov. 6 1985). Travel, and car and truck expenses cannot be estimated under Cohan. Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969).

Petitioner did not have any books or records. He did not have a diary, log, or trip sheets relating to his travel. Petitioner did not satisfy the strict requirements of section 274 with respect to his travel. At trial, petitioner had little evidence to support many of his claimed deductions. He provided some substantiation of medical and other expenses.

In addition, there is no credible evidence in the record which supports the contention that petitioner performed services for persons other than his three employers. The only indication

of a business is that petitioner filled out the Schedule C. The Schedule C is replete with numerous, unsubstantiated, alleged expenses. On this record, we agree with respondent that petitioner was an employee and not self-employed. Accordingly, we disallow the Schedule C loss deduction of $9,512.50.

Respondent treated petitioner as an employee and generously allowed him a total deduction of $9,646 for employee business expenses. (These were not detailed in the record. Respondent had a list of expenses in the trial memorandum but failed to put the list in evidence). Under the Cohan doctrine, we allow petitioner an additional $362 of employee business expenses for a total of $10,008, subject to the 2-percent adjusted gross income limitation under section 67.

Respondent conceded that petitioner had medical expenses of $1,064.46. After a review of the evidence, we find under the Cohan rule, bearing heavily against the petitioner whose inexactitude is of his own making, that petitioner is entitled to a deduction of additional medical expenses in the amount of $3,000. Thus, petitioner is entitled to deduct a total of $4,064.46 of medical expenses, subject to the 7.5 percent adjusted gross income floor under section 213(a).

Otherwise, after the Schedule C adjustment to be corrected in the Rule 155 computation, we sustain respondent's remaining

determinations.  Contentions that we have not addressed are moot, irrelevant, or meritless.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.